## LIZZIE DECATUR *vs.* JOHN WALKER.

Suffolk. March 6. — April 2, 1884. DEVENS & COLBURN, JJ., absent.

At the trial of an action for breaking and entering the plaintiff's close, the defend-ant justified under a right of way over the plaintiff's land. It appeared that one D. mortgaged the alleged dominant estate to the defendant, describing one boundary line as running "to a passageway to be made;" and there was some evidence that the passageway thus referred to was identified, and that it ran over the grantor's land in the course adopted by the defendant at the time of his alleged trespass. After making the mortgage, D. conveyed the alleged ser-vient estate to the plaintiff without mentioning the servitude; and subsequently, the mortgage being overdue, D. made an absolute deed of the mortgaged prem-ises to the defendant, giving him another way over his land, and making no mention of the one in dispute. This deed provided that "the grantor should not be called upon to pay the said mortgage existing on this lot." *Held*, that this deed did not extinguish the defendant's title under his mortgage.

TORT for breaking and entering the plaintiff's close in Boston, and doing certain acts therein. The defendant justified under a right of way over the plaintiff's land in his wife, Lydia A. Walker, as whose agent he acted. Trial in the Superior Court, without a jury, before *Staples, J.*, who found that the defend-ant's wife had such right of way, under which he could jus-tify; found and ordered judgment for the defendant; and reported the case for the determination of this court. The facts appear in the opinion.

*J. P. Farley, Jr. & D. B. Hoar*, for the plaintiff.

*S. A. Bolster*, for the defendant.

HOLMES, J. The plaintiff and the defendant's wife, Lydia, under whom the defendant justifies, both derive title from Cyrus Decatur. On March 31, 1873, Decatur mortgaged the alleged dominant estate to Lydia, describing one boundary line as running "to a passageway to be made." There was some evidence that the passageway thus referred to was identified, and that it ran over the grantor's land in the course adopted by the defendant at the time of his alleged trespass. If the way was identified by mutual agreement at the time, or even after the conveyance, it stood on the same footing as if it had been described in the deed. *Jennison* v. *Walker*, 11 Gray, 423, 426. *Chandler* v. *Jamaica Pond Aqueduct*, 125 Mass. 544, 550. See *Bannon* v. *Angier*, 2 Allen, 128; *George* v. *Cox*, 114 Mass. 382.

And therefore, if the defendant can rely upon the mortgage, he is entitled to judgment upon the finding in his favor.

It appears that, after making the mortgage, Cyrus Decatur conveyed the alleged servient estate to the plaintiff without mentioning the servitude; and that later still, the mortgage being overdue, he made an absolute deed of the mortgaged premises to the mortgagee, Lydia, giving her another way over his land and making no mention of the one now claimed. This deed provided that " the grantor should not be called upon to pay the said mortgage existing on this lot." These facts are not sufficient to prevent the defendant from relying upon the mortgage title. The mortgage being overdue at the time of the conveyance, the mortgagee had a technical fee simple absolute; *Maynard* v. *Hunt*, 5 Pick. 240, 243; and we must assume that this easement was attached to it. There is nothing in the subsequent deed to extinguish or release an easement thus acquired, unless the whole mortgage title is released or extinguished. We see no reason for attributing that technical legal effect to the later conveyance. The mortgage was not paid. It does not appear on the face of the later instrument, or by any matter *in pais*, that it was intended to prevent the defendant's wife from keeping her earlier title, as far as it went. It is not found that there was any accord by which the conveyance was to satisfy the mortgage debt, and the cautious provision that the grantor should not be called upon to pay it looks the other way. On the report and the findings, the plaintiff must stand on purely technical grounds; and on technical grounds we must regard the later deed as a release of equitable claims to one who already owned the legal fee, rather than as working a merger or extinguishment of the existing fee in the interest which it conveys. See *Thompson* v. *Boyd*, 2 Zab. 543; *S. C.* 1 Zab. 58; *Gibson* v. *Crehore*, 5 Pick. 146, 151; *Strong* v. *Converse*, 8 Allen, 557. It will be understood that we do not decide that the mortgage might not have been extinguished if the transaction had purported to have that effect.

*Judgment for the defendant.*