JOHN W. LEATHERBEE & another *vs.* JOHN BARRETT.

Suffolk.    November 13, 1890. — November 28, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, HOLMES, & MORTON, JJ.

*Action of Trespass — Pleading — Description of Close.*

Under the Pub. Sts. c. 167, § 6, requiring that, "in actions of tort for breaking and entering the plaintiff's close, the place of the alleged trespass shall be designated in the declaration by name, abuttals, or other proper description," if a declaration describes the place by street and number and refers to a recorded deed for a fuller description thereof, the defendant, who does not demur thereto or ask for a statement of particulars pursuant to § 6 of that chapter, is not entitled, as matter of law, to a ruling that the place is not sufficiently designated.

TORT for breaking and entering the plaintiffs' close. The first count of the declaration was as follows:

" The plaintiffs say that the defendant, on divers days and times, forcibly entered the plaintiffs' close, being premises now numbered 25 Shavings Street, in said Boston, and more fully described in deed of Daniel Hill to James W. Leatherbee, dated August 15, 1823, and recorded in Suffolk Registry of Deeds, Lib. 285, fol. 117, and tore down, demolished, took, and carried away a wooden stable belonging to the plaintiffs, and standing thereon, and converted the same to his use."

The answer contained a general denial.

At the trial in the Superior Court, without a jury, before *Bishop*, J., the defendant asked the judge to rule that upon this declaration the action could not be maintained, for the reason that the place of the alleged trespass was not sufficiently designated by name, abuttals, or other proper description. The judge refused so to rule, and found for the plaintiffs ; and the defendant alleged exceptions.

*J. A. McGeough*, for the defendant.

*G. C. Travis*, for the plaintiffs, was not called upon.

BY THE COURT.    The Pub. Sts. c. 167, § 6, require that " in actions of tort for breaking and entering the plaintiff's close, the place of the alleged trespass shall be designated in the declaration by name, abuttals, or other proper description." The defendant in the present case did not demur to the declaration,

or ask the court to order the plaintiffs to file a statement of any particulars concerning the nature and grounds of the action, pursuant to the Pub. Sts. c. 167, § 61 ; but at the trial he asked the court to rule that the place was not sufficiently described in the declaration, and this the court refused to do. We cannot say that the defendant was entitled to this ruling as matter of law. See *Forbush* v. *Lombard*, 13 Met. 109, 113 ; *Sawyer* v. *Ryan*, 13 Met. 144; *Hall* v. *Mayo*, 97 Mass. 416.

*Exceptions overruled.*