### DENNIS FOLEY *vs.* EDMUND McCARTHY.

Bristol.    October 25, 1892. — December 6, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Trespass to Land — Deed — Monument — Pleading.*

If a survey of land is made and a street laid out thereon, the lines of which are designated by stakes set at the corners of the lots into which the land is divided, and a plan made to correspond with the survey, and by some mistake the lines on the sides of the lots running back from the street, which is their front boundary, to a railroad, which is their rear boundary, are shorter than the distances

called for by deeds of the lots subsequently made and the plan, the description in the deeds is controlled by the survey and location of the street.

In an action for trespass to land, the declaration alleged that the plaintiff was seised in fee of a certain tract of land situated in A., which he had divided into house lots, and laid out a way called F. Street, thirty feet in width, by which all the lots were bounded; that afterwards he sold one of the lots to the defendant by a deed describing the land as bounded by F. Street; that the plaintiff had also sold to divers persons other lots so bounded on F. Street; that he had for a long time offered for sale the lots so bounded by F. Street, and held the larger portion of them for sale; that F. Street extended along all of the lots to the public highway in A., and was the only way of access therefrom to the highway; and that the defendant had entered upon F. Street, and committed the acts complained of. No demurrer was filed, nor any motion for the filing of a more particular description of the premises. *Held*, that the description of the premises in the declaration was not so imperfect as to require the judge, in the absence of a demurrer, to rule that the trial could not proceed upon the declaration.

TORT. The declaration was as follows: " And the plaintiff says that he was seised in fee of a certain large tract of land situated in Attleborough, in the county of Bristol, and at large expense he platted said land into house lots, and laid out and set off a way or street, called Foley Street, thirty feet in width, by which street all of said house lots were bounded, and to which street all of said house lots were adjacent; that thereafterwards this plaintiff made sale of one of said house lots to this defendant, by a deed wherein the land so sold to the defendant is described as bounded by said street; that the plaintiff has made sale to divers persons of certain house lots so bounded on said Foley Street, and has for a long time offered for sale the house lots so platted and bounded by said Foley Street, as is well known to this defendant, and this plaintiff now holds the larger portion of said lots in fee, but subject to sale as opportunity may offer. That said Foley Street extends along all of said house lots to the public highway in said Attleborough, and is the only way of access therefrom to said highway. That the said defendant McCarthy, well knowing of the intention of this plaintiff to sell said house lots, and intending to injure this plaintiff and hinder the sale of said lots, has entered upon said Foley Street, and has taken sole and exclusive possession of said Foley Street, and has erected fences thereon, and has enclosed said Foley Street to his own private use, and has excluded the plaintiff therefrom, and has dug up and subverted soil thereof, whereby the plaintiff has been deprived of the use

and benefit of his lands, his lands have been greatly depreciated in value, the sale thereof has been greatly hindered, and this plaintiff has been put to great expense, loss, and damage."

Trial in the Superior Court, without a jury, before *Braley,* J., who found for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*J. Brown,* (*R. C. Brown* with him,) for the defendant.

*C. A. Reed,* for the plaintiff.

KNOWLTON, J. The principal question in this case is whether the line of Foley Street, which by the deeds to the defendant is made the southerly boundary of his lot, is to be determined by the survey of Capron, the surveyor who surveyed the land and laid out the street for the plaintiff, and the line of stakes set there at the corners of the lots to mark the line of the street, or by the measurements given in the deeds, which would make the lots larger, and carry the line considerably out upon the land intended for the street.

The rule is familiar, that, where monuments and distances are given in a description of land in a deed, and there is a disagreement between the two parts of the description, the monuments will control if they can be ascertained, and that part of the description which relates to distances will be made to yield to the other. When the defendant took his deeds, Foley Street was one of the boundaries of the land conveyed. Both parties must be presumed to have known, not only that there was such a street, but also where it was. Several witnesses testified that, before the first of the deeds was made, the land had been surveyed, and Foley Street had been laid out on the land, and its lines designated by stakes about a foot high set at the corners of the lots. The plan had also been made to correspond with the survey. It turned out that by some mistake, probably in regard to the line of the railroad which was the boundary of the lots at the rear, the lines on the sides of the lots running back from Foley Street were shorter than the distances called for by the deeds and the plan.

We are of opinion that the survey and the location of Foley Street on the land were sufficient to fix its place and make it a controlling monument, notwithstanding that the measurements between it and the railroad were less than those called for by

the deeds and the plan.   It was not necessary to prove affirmatively that the defendant knew the position of the stakes when he took his deed.   It being found as a fact that the street had been located and designated by stakes, and the street being referred to as a monument in the deeds, it was his duty to ascertain its location if he cared to know it, for he was entering into a contract which made his rights dependent upon it.   It follows that he had no right to erect his fence outside of the line of stakes, and the ruling requested at the trial was rightly refused.*

The only remaining exception was to the refusal of the court to rule, at the beginning of the trial, that the plaintiff could not proceed on his declaration.   No demurrer was filed, nor any motion for the filing of a more particular description of the premises.   The declaration contains a general description of Foley Street through the plaintiff's land, giving in general terms its boundary on one side, its termini, and its width.   While the description was not in the form called for by the practice act, it was not so imperfect as to require the court, in the absence of a demurrer, to rule that the trial could not proceed upon the declaration.   *Leatherbee* v. *Barrett*, 152 Mass. 532.

*Exceptions overruled.*

---

* The ruling requested was, that " the defendant was entitled to hold his land according to the metes and bounds given in his deeds, and that, unless the court found as a fact that the defendant knew of the existence of these stakes, and they were pointed out to him, or he knew of the plans, his deeds would control, and the plaintiff could not recover."