CHARLES W. RALPH & another *vs.* OREN W. CLIFFORD & another.

Bristol.    October 25, 1915. — February 9, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Way,* Private.    *Deed,* Construction.

Where in a deed of a lot of land the only reference to an alleged private street is that a boundary of the lot is described as beginning on a certain avenue at the corner of a street, when in fact there is no street and no indication of a street, and the only indication that a street ever was contemplated is the fact that two posts were placed by the grantor on the line of the avenue about forty feet apart, which posts remained there only a short time, there is nothing to estop one, who owns the adjoining land under a subsequent deed from the same grantor and who purchased it after the posts had disappeared, from denying the existence of an alleged private street forty feet wide over his land.

Where it appears that, at the time the landowner claiming such a right of way purchased his land, the grantor showed to him and to at least one other person a plan or blue print on which a street forty feet wide was marked or traced upon the adjoining land in accordance with the claim of the right of way, but there is no evidence of such a plan, this cannot affect the rights of the owner of the adjoining land, who had no notice of this incident when he purchased his land and who can be charged with notice only of what was disclosed by the records in the registry of deeds or of what appeared upon the surface of the earth.

BILL IN EQUITY, filed in the Superior Court on September 12, 1904, by part owners of a lot of land on Richards Avenue in North Attleborough who sought, as the successors in title of Ellen Miller, to whom the land was conveyed by Henry L. Kendall on May 30, 1881, to restrain the defendants from obstructing by the erection

of a building or otherwise an alleged private street or way forty feet wide running from Richards Avenue to Church Street.

The case was referred to a master who filed a report in which were found the facts that are stated in the opinion.

No exceptions to the master's report appear to have been filed and the case was heard upon that report by *White,* J.

The judge having said that he wished to hear evidence as to what would be a reasonable width of a way for vehicles and travellers, all the parties agreed that ten feet would be such a width, the plaintiffs not waiving their claim to ownership in the way or to a right by prescription.

The judge made a final decree enjoining the defendants from interfering with or obstructing the plaintiffs' right of way in a strip of land ten feet wide, running northerly from Richards Avenue along the west boundary of the plaintiffs' land to a point eighty feet distant from that avenue, and ordering the defendants to pay to the plaintiffs the costs of suit taxed at $95.28.

The plaintiffs appealed from the decree.

*C. R. Cummings,* for the plaintiffs.

*F. B. Fox,* for the defendants.

CROSBY, J. This is a bill in equity brought to restrain the defendants from obstructing an alleged private street. The land now owned by the plaintiffs and by the defendants, respectively, formerly was included in a larger tract owned by one Kendall, and was bounded on the south by a way known as Richards Avenue in North Attleborough. On May 30, 1881, Kendall, by deed, sold and conveyed to Ellen Miller a lot of land bounded fifty feet by Richards Avenue and one hundred and forty feet deep. The plaintiffs are the successors in title to an interest in this lot.

The defendant Annie M. Clifford is the owner of a parcel of land adjoining the plaintiffs' lot on the west, and obtained title thereto by deed from one Lewis dated October 1, 1901. The plaintiffs claim a right of way over a strip of land forty feet wide owned by the defendants along the westerly side of the lot owned by them and extending from Richards Avenue northerly to Church Street.

The case was referred to a master who has found that "at the time Kendall sold to Ellen Miller he had, and showed to her, or her agent, and to at least one other person, a plan or blue print

which was marked or traced with a forty foot street running northerly from Richards Avenue, where the locus in dispute is situated. In this deed to her he described the premises as 'beginning at the corner of a street.' That is the only reference in the deed to a street. There is no evidence of any plan now existing showing any street line northerly from Richards Avenue by these premises." The master also has found that there was no fence on the street line between the strip in dispute and Richards Avenue, and from the appearance of the surface of the ground no indication of a street; that there was no driveway over the disputed strip from Richards Avenue to Church Street; that there are no boundaries, stakes or marks indicating a street, and there never have been any such boundaries "excepting the placing of two posts about forty feet apart in the northerly line of Richards Avenue by Kendall before the sale to Miller, which posts remained there a short time only;" that no such posts were there when the trustees under the will of Kendall conveyed the premises now owned by the defendant Annie M. Clifford; and there is nothing to indicate a street or way, and no evidence of any use of the Clifford premises northerly of a gate in the fence in the westerly line of the plaintiffs' lot, the southerly end of which gate is eighty feet northerly of Richards Avenue.

When a grantor conveys land bounded on a street or way he and those claiming under him are estopped to deny the existence of such street or way, and the right of way of the grantee and his successors in title therein includes the entire length of the way as then actually laid out or clearly defined.

This is the contention of the plaintiffs and it is fully sustained by the authorities, and applies as well to a contemplated way if clearly indicated as to an existing street. *Parker* v. *Smith,* 17 Mass. 413. *Tufts* v. *Charlestown,* 2 Gray, 271. *Stetson* v. *Dow,* 16 Gray, 372. *Tobey* v. *Taunton,* 119 Mass. 404. *Foley* v. *McCarthy,* 157 Mass. 474. *Sprague* v. *Kimball,* 213 Mass. 380.

Although the master finds "that at the time Kendall sold to Ellen Miller he had, and showed to her, or her agent, and to at least one other person, a plan or blue print which was marked or traced with a forty foot street running northerly from Richards Avenue, where the locus in dispute is situated," still this finding cannot affect the rights of the defendants. The defendant

Annie M. Clifford is charged with notice of what was disclosed by the record, and is also charged with what appeared upon the surface of the earth. There is no evidence to show that she had any knowledge of the plan, above referred to, which did not appear of record. The only reference upon the record to a street is in the description in the deed from Kendall to Miller, which begins "Bounded: Beginning on said Avenue at a corner of a street" — so that the only fact, therefore, of which the defendant Annie M. Clifford was charged with notice on the record, was that the corner of the Miller lot, now owned by Ralph, began "at a corner of a street." She was not charged on the record with notice that it was adjacent to the land of the plaintiffs on its westerly side, when that defendant took title to her land, nor was there anything on the surface of the earth to indicate a street. The only thing that could be seen was a narrow path which is established by prescription, leading from Richards Avenue northerly eighty feet along the westerly boundary of the plaintiffs' lot. This evidence falls short of charging that defendant with notice of a street, and is distinguishable from the cases above cited and others decided by this court, in which it has been held that a grantor and his successors were estopped to deny the existence of a way.

The case of *Decatur* v. *Walker*, 137 Mass. 141, cited in the plaintiffs' brief, is not at variance with the conclusion reached in the case at bar. In that case the court said "On March 31, 1873, Decatur mortgaged the alleged dominant estate to Lydia, describing one boundary line as running 'to a passageway to be made.' There was some evidence that the passageway thus referred to was identified, and that it ran over the grantor's land in the course adopted by the defendant at the time of his alleged trespass. If the way was identified by mutual agreement at the time, or even after the conveyance, it stood on the same footing as if it had been described in the deed."

From an examination of the original record in that case, it appears that at the time of the conveyance there was evidence to show that stakes were set and that the passageway "looked as if ploughed in the middle, and had a gutter each side next to the stakes." There was also evidence that the passageway extended from the front of the lot conveyed to the railroad, and at that time had been partially constructed, and that the Walker lot was not

adjacent to any public way and had substantially no other way of ingress and egress, and that the plaintiff in fact knew of the defendant's claim to the way before her purchase from the one who had been common owner of both lots.

The statement of the court in *Decatur* v. *Walker* must be taken in connection with the facts of that case and not to lay down a general proposition which would include a case like the one at bar where no way was described directly or indirectly in the deed and where no way existed upon the surface of the land.

The evidence of the location of the way is too uncertain and indefinite for this court to say that the finding of the master was clearly wrong. He has found that the plaintiffs and their predecessors in title have obtained by prescription a right of way over the defendants' land from Richards Avenue extending northerly along the westerly line of the plaintiffs' lot for a distance of eighty feet, and the parties have agreed that ten feet is a reasonable width of such a way for vehicles and travellers. It follows that the entry must be

*Decree affirmed.*