FREDA M. OLSON *vs.* EVELYN ARRUDA & others.

Bristol.   October 22, 1951. — February 4, 1952.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Way,* Private: creation.   *Easement.   Evidence,* Relevancy and materiality.

A right of way in favor of a lot of land over an adjoining strip was created by implication by a deed of the lot which was given by one owning both it and the strip and which mentioned the strip as a way and referred to a plan whereon it was delineated as such, although the

strip was not constructed as a way and although the deed bounded
the lot by the side line of the strip.

In determining whether a private way shown on a subdivision plan of a
large tract of land was subject to implied easements in favor of abutting
lots conveyed by the owner of the tract by deeds referring to such
plan, it was proper in the circumstances to exclude as immaterial cer-
tain documents pertaining to another portion of the tract and certain
earlier plans of the tract.

PETITION, filed in the Land Court on April 29, 1949.

Following a hearing and a decision by *Cotton*, J., the peti-
tioner alleged exceptions.

In this court the case was submitted on briefs.

*W. B. Perry, Jr., & L. E. Perry*, for the petitioner.

*S. Rosenberg, J. M. Rosenberg, & R. McLeod*, for the
respondents Hoten.

LUMMUS, J. This is a petition to the Land Court for the
registration of the title to a parcel of land in Dartmouth,
part of a large tract of about 122 acres subdivided on a plan
by Charles M. Carroll who owned the whole tract. The
locus consists of a section of a contemplated street called
Arvey Street, running east and west, which lies between
Hillside Avenue on the east and Tucker Road on the west.
The whole area is rough and wild land, and Arvey Street
was never wrought as a way upon the ground.

Lots 700 and 701, immediately south of the locus, were
conveyed by Carroll to persons named Brightman in 1927,
and by mesne conveyances passed to Homer R. and Hilde-
garde Hoten in 1946. Lots 669 and 672, immediately north
of the locus, were conveyed by Carroll to Arvid H. Olson
in 1926. All these deeds bounded on the side line of that
part of Arvey Street which constitutes the locus, thus leav-
ing the title to the locus in Carroll. But they all mentioned
Arvey Street and referred to a plan on which it was deline-
ated as a way. Finally, in 1947, Carroll conveyed the fee
of the locus to the petitioner, by a deed which asserted that
the contemplated street called Arvey Street had been dis-
continued.

The judge ruled that the petitioner is entitled to registra-
tion of the fee in the locus, subject to a perpetual easement

appurtenant to the lands of the respondents Homer R. and Hildegarde Hoten and to the lands of the respondent Arvid H. Olson, to use the whole locus for all purposes for which a private way is usually used. The petitioner excepted to the action of the judge on certain requests presented by the petitioner and by the respondents Hoten, which requests need not be stated, because they are covered by what is hereinafter said.

The judge rightly ruled that the lands of the respondents abut upon the locus, but that the respondents have no title to any part of the locus, the title to which remained in Carroll until he conveyed it to the petitioner. *Casella* v. *Sneierson,* 325 Mass. 85, 89. No right of way was expressly created in the locus, but one was created by implication by the reference to the plan which showed Arvey Street as a way, even though it was only a contemplated and not a wrought way (*Ralph* v. *Clifford,* 224 Mass. 58, 60; *Teal* v. *Jagielo,* 327 Mass. 156, 157–158), and even though the side line and not the center of the way was the boundary. *Casella* v. *Sneierson,* 325 Mass. 85, 89, 90.

The petitioner claimed another exception to the refusal of the judge to permit her to show a conveyance by Carroll to one Woodcock in 1942 of land shown on the plan as part of Hillside Avenue, and a recorded notice by Woodcock to prevent the acquisition of any easement over said land. This evidence was offered to show the intention of Carroll "to close off these so called paper streets in the vicinity of the . . . [petitioner's] locus." We think that these documents show nothing as to Carroll's intention as to Arvey Street or the locus. And the rights of the respondents to use the locus as a part of Arvey Street had been fixed before 1942. The evidence was excluded rightly. There was likewise no error in excluding earlier plans of the Carroll tract which did not show Arvey Street. These were not referred to in any of the deeds of the locus or the lands of the respondents adjoining it.

*Exceptions overruled.*