Fishman, Kenneth J., J.

INTRODUCTION

This matter comes before this Court on the plaintiffs’ motion for partial summary judgment The plaintiffs John and Toni Calandrello brought this civil action against the defendants Carolyn and Michael Mercuri, their neighbors, arising out of a dispute concerning the title to and usage of a private way which runs between their two respective parcels. The plaintiffs moved for summary judgment on the issue of title to the private way. They seek a declaration that they hold title to the midline of the way, and also seek to enjoin the defendants from passing over their portion of the way. For the reasons set forth below, the plaintiffs motion is ALLOWED as to their title in the private way, but DENIED as to the injunctive relief they seek.

BACKGROUND

The summary judgment record reveals the following undisputed facts. The plaintiffs own 176 McCarthy Way in Tewksbury. The defendants own 184 McCarthy Way. Between the two parcels runs Bracken Street, a so-called “paper” street, which has been offered to and accepted by the Town, but not yet declared a public way. The road is paved and used as a driveway by the defendants. Both lots lie within a subdivision and trace their title to a common grantor. In the original deeds out, the common grantor failed to reserve any title or interest in Brackett Street.

DISCUSSION

This Court applies the well-established and oft-stated rules of summary judgment. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 712-15 (1991); Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983).
G.L.c. 183, §58, provides that every deed of real estate abutting a way includes the fee interest of the grantor in the way — to the centerline if the grantor retains property on the other side of the way or for the full width if he does not — unless the grantor shows the intent to retain any part of that interest. See Tattan v. Kurlan, 32 Mass.App.Ct. 239, 242-43 (1992). Therefore, the deeds out from the common grantor included the fee to the centerline of the way, for each lot. The subsequent, 2001, deed from the grantor to the defendants’ predecessors-in-interest, is legally meaningless, as that grantor had, at the time of the deed, no interest in the way to convey. This Court concludes, therefore, that both the plaintiffs and the defendants own the fee on their respective side of Brackett Street’s centerline.
However, this Court declines to grant the plaintiffs the injunctive relief they seek on the basis of the summaiy judgment record. Generally, the title possessed by virtue of G.L.c. 183, §58 carries with it “the right to use the way along its entire length.” Murphy v. Mart Realty of Brockton, Inc., 348 Mass. 675, 677-78 (1965). This rule is applicable even if, as here, the way has not been accepted by the town as a public way, so long as it is contemplated and sufficiently designated. Id., citing Olson v. Arruda, 328 Mass. 363 (1952); Casella v. Sneierson, 325 Mass. 85, 90 (1949); Ralph v. Clifford, 224 Mass. 58, 60 (1916); Tufts v. City of Charlestown, 2 *586 Gray, 271, 273 (1854). The question of the parties’ right to pass over Brackett Street is answered by the well-settled rule that “when a grantor conveys land bounded on a street or way, he and those claiming under him are estopped to deny the existence of such street or way, and the right thus acquired by the grantee (an easement of way) is not only coextensive with the land conveyed, but embraces the entire length of the way, as it is then laid out or clearly indicated and prescribed.” CaseUa, 325 Mass, at 89. Neither the plaintiff nor the defendant may deny the other the right to pass and repass over Brackett Street, and, therefore, the injunctive relief sought by the plaintiffs is not warranted based on the summary judgment record.

ORDER

For the foregoing reasons, the plaintiffs John and Toni Calandrello’s motion for partial summary judgment is ALLOWED to the extent that this Court declares that the plaintiffs and the defendants each own the fee on their respective side of Brackett Street’s centerline to that centerline, but DENIED as to the injunctive relief requested.