HUYBERTIE P. HAMLIN *vs.* ATTORNEY GENERAL & another.

Plymouth.    March 6, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Deed. Boundary. Way.*

A grantor owned a lot of land at the west side of which was a road, and owned the fee of the land under the road. He conveyed the lot describing its boundaries as beginning at a point "in the east line of the road" and terminating the description as follows: "thence northerly in the east line of said road about ninety-five rods to the place of beginning." *Held*, that the description excluded the road and that the grantor retained the fee in the land under it.

A deed conveyed "A certain piece of land situate in the town of M. and on the road leading from the village to the lighthouse and being all I now own of the E. land, so-called, bounded as follows:" Here followed a description which

excluded the road mentioned above, which was at the west side of the lot, by bounding the lot by " the east line of said road." The lot and the adjoining strip of land under the road had belonged to E. and were all of the E. land owned by the grantor. *Held,* that the general statement in regard to the E. land could not control the particular description which followed it, and that the fee in the land under the road remained in the grantor.

PETITION, filed in the Land Court on August 1, 1905, for the registration of title to certain real estate in the town of Mattapoisett.

In the Land Court the case was heard by *Davis, J.* The title of the petitioner to the greater part of the property described in her application was admitted. As to a portion of the premises described the respondents denied that the petitioner had any title. The land described in the petition lay partly on the westerly side and partly on the easterly side of what is called Beacon Street. As to the portion on the westerly side the title was admitted to be in the petitioner, by a line of conveyances not in issue in the case. The title of the petitioner was admitted also as to all the land claimed lying east of the easterly line of the street and of a prolongation of that line southerly to the sea. The part of the land in which her alleged title was disputed lay between the side lines of the street and their prolongations southerly to the sea.

The material facts are stated in the opinion.

It was admitted that the petitioner obtained, under later deeds in her chain of title, whatever passed under a deed from one Abraham Paine to one Dickerman, the description contained in which is quoted and described in the opinion.

The respondents asked the judge to make the following rulings:

First. On the evidence the petitioner has no title to the land included within the limits of the way known as Beacon Street from the north line of her property southerly to high water mark.

Second. When a description in a deed starts at the side of the road and comes back to the road and thence on the line of the road to the point of beginning the conclusion is inevitable that the road is excluded.

Third. The description in the deed of Abraham Paine to Dickerman, which bounds the property on the west by the east

line of the road, conveyed no title to any part of the way, as the boundary is expressly limited to its side line and the deed cannot be held to import a grant of anything beyond the boundary named.

The judge refused to make these rulings, but ruled instead that under the deed from Abraham Paine to Dickerman the fee and soil in the whole of the road or passageway forming the westerly boundary of the land therein described was conveyed to the grantee.

He thereupon filed a decision finding title in the petitioner to the fee in the whole of the road and in the strip in continuation thereof to the sea, subject only to existing rights of the public in the road, and ordered a decree accordingly.

The decision and the order for a decree being dependent upon the question as to what, as a matter of law, was the true westerly boundary of the land described in the deed from Paine to Dickerman, the judge at the request of the respondents reported that question for determination by this court. If the ruling was right a final decree was to be entered for the petitioner as ordered ; if the ruling was wrong a final decree for the petitioner was to be ordered as to so much of the land described in her application for registration only as lay east of the line which this court should determine to be the westerly boundary of the land conveyed by the deed of Paine to Dickerman, and as to the land on the westerly side of the road.

*L. W. Jenney,* for the respondents.

*O. S. Cook,* for the petitioner.

KNOWLTON, C. J.    The only question in this case is what is the westerly boundary line of that portion of the petitioner's land which lies on the easterly side of Beacon Street in Mattapoisett.    The lot is particularly described by metes and bounds, the line in question being designated at one end, at the point from which the measurement starts in another direction, away from the road, in these words : " Beginning in the east line of the road, at the southwest corner of land owned by Susan Cannon."    The boundary then runs around the lot to the east, and " thence southerly by the sea to a road or passway adjoining the lighthouse, United States land ; thence northerly in the east line of said road about ninety-five rods to the place of

beginning." The only dispute between the parties is whether the road is included or excluded. The line in question is described as running, throughout its entire course, "in the east line of said road." It terminates at a point at the beginning of the measurement, "in the east line of the road." This part of the description is plainly within the decision in *Smith* v. *Slocomb*, 9 Gray, 36, where Chief Justice Shaw says in the opinion: "If the party chooses to retain his remnant — his fee in the soil under the road — he may do so." As is conceded by the petitioner's counsel in his brief, it is within the decision as to the second lot in the late case of *McKenzie* v. *Gleason*, 184 Mass. 452, 458. If, instead of fixing the boundary in the east line of the road, it used general language establishing it "on the road," it would convey the land only to the centre of the road. *Lemay* v. *Furtado*, 182 Mass. 280. *Gray* v. *Kelley*, 194 Mass. 533. As was said in the last of these cases, "the rule stated by some courts, that, when one bounds on a street or private way to which he has title, without owning any land on the opposite side of it, his grant will include the fee of the whole of the street or way, does not prevail in Massachusetts." See *In re Robins*, 34 Minn. 99; *Haberman* v. *Baker*, 128 N. Y. 253; *Taylor* v. *Armstrong*, 24 Ark. 102.

The petitioner's argument rests mainly upon the general description, which precedes the particular description of the property, in these words: "A certain piece of land, situated in the town of Mattapoisett and on the road leading from the village to the lighthouse and being all I now own of the Edwards land, so called, bounded as follows." It is to be noted that in this statement the "piece of land" is said to be "on the road," not a tract including the road. It appears that the grantor owned the fee of the road as a part of the Edwards land, although the lot on the side of the road was all that he owned that could be sold for an ordinary use.

It has been held in many cases that a general statement of this kind is of no effect to control a particular description of the land conveyed. Said Mr. Justice Wilde in *Dana* v. *Middlesex Bank*, 10 Met. 250, 255: "It is a case of double description, . . . and it is now fully settled, that the description by metes and bounds is to prevail, although a different description

is given by reference to the grantor's title deeds." In *Whiting* v. *Dewey*, 15 Pick. 428, 434, the general words were " being all the same land which the said Benedict Dewey, deceased, lately owned," etc. See also to the same effect, *Cassidy* v. *Charlestown Five Cents Savings Bank*, 149 Mass. 325; *Muto* v. *Smith*, 175 Mass. 175; *Crabtree* v. *Miller*, 194 Mass. 123.

> *Decree for the petitioner as to the land east of the easterly line of the road extended to the sea, and as to the land on the westerly side of the road.*