ARTHUR J. WELLWOOD & others *vs.* HAVRAH MISHNA ANSHI SPHARD CEMETERY CORPORATION.

Suffolk.   November 16, 1925. — January 7, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Way*, Private. *Easement. Deed*, Plan.

The mere reference in a deed to a lot number and a bounding street, as shown on a recorded plan, does not as matter of law give the grantee an easement in all the ways shown thereon: the purpose and effect of a reference to a plan in a deed is a question of the intention of the parties, and, in order for such an easement to exist as to another way outlined on such a plan, an intent that it should exist must appear from the deed and the circumstances in which it was made.

In a suit in equity by the owners of lots of land, shown on a recorded plan containing streets, against the purchaser of a tract which included several other lots on both sides of a portion of one of the streets and the title to the street between those lots, to enjoin the defendant from obstructing that part of the street within his tract of land, a master found that the deeds to the plaintiffs contained descriptions referring to the plan and bounding their lots on the streets thereon shown; that in none

of them was an easement or right of way expressly granted to the purchaser, and there was no stipulation that the ways should be kept open; that the plaintiffs had access directly to a public street over a street which was not closed by the defendant; and that that portion of the street delineated on the plan which was closed by the defendant had not been marked out or used as such and did not give access for the plaintiffs to any public way. The master found that the evidence was not sufficient to prove an intent to grant the right of way over any part of the land of the defendant. A decree dismissing the bill was entered and the plaintiffs appealed. *Held,* that

(1) Upon the findings of the master, the plaintiffs had not maintained the burden of proving a grant by implication of an easement over the defendant's land;

(2) It could not be said as a matter of law that the master's findings were clearly wrong;

(3) It could not be said as a matter of law that the decree was erroneous.

BILL IN EQUITY, filed in the Superior Court on September 29, 1924, by Arthur J. Wellwood, Susie L. Stone, Edmund F. Butler, Sadie H. Butler, Sylvia Draper, Simon L. Russell, and James Calledere, to enjoin the defendant from obstructing or interfering with the plaintiffs' use of Moray Street as laid out on the plan entitled "Plan of House Lots owned by Isaac C. Wyman," the material portion of which is given below.

Lot thirteen on the plan was owned by the plaintiff Draper; lot fourteen by the plaintiff Russell; lot sixteen by the plaintiff Calledere; lot forty-six by the plaintiff Wellwood; lot

forty-eight by the plaintiff Stone; and lot forty-nine by the plaintiffs Butler.   The defendant owned the tract ABCD and erected fences crossing Moray Street in the lines AD' and BC.

The suit was heard upon the pleadings, the master's report and exceptions thereto, by *Morton*, J., and by his order there were entered an interlocutory decree overruling the exceptions and confirming the report and a final decree dismissing the bill.   The plaintiffs appealed.

*G. F. Mitchell*, for the plaintiffs.

*R. W. Frost*, for the defendant.

SANDERSON, J.   This bill in equity is brought by the plaintiffs to enjoin the defendant corporation from interfering with their use of Moray Street, in Lynn, as laid out on a "Plan of House Lots owned by Isaac C. Wyman," and to compel the removal of fences and other obstructions placed by it on that street.

In 1905, Isaac C. Wyman, owner of a twenty acre tract of land in Lynn, caused it to be surveyed and the above-mentioned plan made and recorded with Essex registry of deeds.   The part thereof material to this controversy appears on page 351: the plaintiffs' lots being designated by numbers, and the land of the defendant being the enclosed area located westerly therefrom.   Three streets, each fifty feet in width, respectively designated on said plan as Moray Street, Lake Shore Road and Cavour Street, converged at a point easterly of the plaintiffs' lots and thence, running easterly to an intersecting street, connected with a public highway.   No question is raised as to the plaintiffs' right of way over such portion of Moray Street as lies east of the defendant's land.   The plan, near its westerly end, indicates a union of these three streets, but there is no public way in that direction.   Each of the one hundred and thirty-two lots was numbered and each bounded on one or more of the streets.   Wyman died in 1910 without selling any of the land. The plaintiffs and the defendant own portions of it, title to which they derive directly or indirectly from executors and trustees under the will of Wyman.   The parcels owned by the plaintiffs were conveyed by deeds, in which the lots were described by metes and bounds and by numbers, as shown on

said plan, naming Moray Street as one of the boundaries, and, in two instances, naming both Moray Street and Lake Shore Road. In none of them is an easement or right of way expressly granted to the purchaser, and there is no stipulation that the ways shall be kept open. The tract formerly owned by Wyman, except the lots previously conveyed which were referred to by lot number as shown on the Wyman plan, together with all the owner's right, title and interest therein subject to the rights of others, was granted to Pride of Lynn Cemetery Corporation in 1920, which, in August, 1923, conveyed to the defendant the land it now owns with a right of way over Moray Street and Lake Shore Road to the main street. This conveyance included the whole of thirteen lots and parts of three others, as shown on the original plan, as well as a section of Moray Street, all of which are delineated on a new plan which accompanied the deed to the defendant. The lots of the plaintiffs are located easterly on the defendant's land, between it and the public way, their access to which does not necessitate passing over that part of Moray Street, so called, included in land conveyed to the defendant. Moray Street has been constructed as far as the easterly line of the defendant's land, but has not been laid out west of that line.

Between September 1 and 15, 1924, with the plaintiffs' knowledge, the defendant erected a fence enclosing the whole area described in its deed, crossing Moray Street at points indicated on the plan by dotted lines. The plaintiffs' first protest against the erection of this fence was by letter dated September 18, 1924, received by the defendant September 23. They contend that, by virtue of the reference in their deeds to Moray Street as bounding their respective lots, they have acquired a right of way over the full length of that street as shown on said plan, including the part which lies within the bounds of the defendant's tract. It is the contention of the defendant that when the deeds, the plan, and attendant circumstances, are considered together they show that the plaintiffs have no right of way over any of its land.

The master found that the making and recording of the Wyman plan in 1905, in conjunction with other facts found,

were not sufficient to prove an intent to grant the right of way claimed by the plaintiffs in Moray Street over land owned by the defendant. Upon the facts found by the master and the deeds, which were a part of his report, the trial judge ruled that the plaintiffs were not entitled to such right of way and entered a final decree dismissing the bill with costs.

A plan referred to in a deed becomes a part of the contract so far as may be necessary to aid in the identification of the lots and to determine the rights intended to be conveyed. *Boston Water Power Co.* v. *Boston*, 127 Mass. 374, 376. *Bacon* v. *Onset Bay Grove Association*, 241 Mass. 417, 422. ". . . the purpose and effect of a reference to a plan in a deed, is a question of the intention of the parties." *Regan* v. *Boston Gas Light Co.* 137 Mass. 37, 43. The mere reference in a deed to a lot number and a bounding street, as shown on a recorded plan, does not as matter of law give the grantee an easement in all the ways shown thereon, nor prevent the grantor from making changes therein not inconsistent with the rights of the grantee. *Light* v. *Goddard*, 11 Allen, 5, 8. *Coolidge* v. *Dexter*, 129 Mass. 167. *Regan* v. *Boston Gas Light Co., supra. Pearson* v. *Allen*, 151 Mass. 79. *Prentiss* v. *Gloucester*, 236 Mass. 36. In the absence of an express grant, where land is conveyed by reference to a plan having numerous lots bounding on different ways, a " 'grant by implication of an onerous servitude upon other land of the grantor, not necessary for the enjoyment of the land conveyed, is not to be presumed unless such is clearly the intention of the parties;' . . . a reference to a plan in a deed, although accompanied by its use for description or bounds, does not result in the conveyance of rights not necessary for the enjoyment of the premises, in the absence of an intent appearing to that effect; . . . the only necessity contemplated in ordinary cases is that of access to public highways; . . ." *Prentiss* v. *Gloucester*, 236 Mass. 36, 52. The necessity need not be an absolute, physical one. *Gorton-Pew Fisheries Co.* v. *Tolman*, 210 Mass. 402, 410. Each case is to be decided by ascertaining the intent as evidenced by the deed and circumstances in which it was made. *Lipsky* v.

*Heller,* 199 Mass. 310, 316, 317. *Bacon* v. *Onset Bay Grove Association,* 241 Mass. 417, 423. "In determining the intent, the entire situation at the time the deeds were given must be considered. For example, whether the ways in question merely existed on paper, or were then constructed on the ground; whether they were then actually used as appurtenant to the granted premises; or whether they were remote or in close proximity." *Prentiss* v. *Gloucester, supra.*

In cases where it has been held that the grant of a lot bounding on a way as shown on a plan estops the grantor and those claiming under him from denying the existence of the way for its entire length in either direction, it will usually appear that the way referred to is in use or actually staked out on the land. This principle finds illustration in *Rodgers* v. *Parker,* 9 Gray, 445. *Stetson* v. *Dow,* 16 Gray, 372. *Fox* v. *Union Sugar Refinery,* 109 Mass. 292, 297. *Tobey* v. *Taunton,* 119 Mass. 404. *New England Structural Co.* v. *Everett Distilling Co.* 189 Mass. 145. *Downey* v. *H. P. Hood & Sons,* 203 Mass. 4.

In *Prentiss* v. *Gloucester, supra,* the suggestion was made that possibly a limitation of the right to use the whole of an existing bounding way should be made where the way is of considerable length and does not at its distant end connect directly or indirectly with a public way.

In the case to be decided the way delineated on the plan leading west from the plaintiffs' land had not been marked out or used as such, and it leads directly to no public way. There is nothing in the record to show that, if constructed, it would be a convenient means of reaching a highway. Upon the findings of the master the plaintiffs have not maintained the burden of proving a grant by implication of an easement over the defendant's land. We cannot say as matter of law that the master's finding, that the evidence was not sufficient to prove an intent to grant the right of way over any part of the land of the defendant, was clearly wrong, nor that the trial judge erred in his ruling thereon or in entering a decree dismissing the bill.

All questions argued by the plaintiffs have been considered and no reversible error is disclosed.

*Decree affirmed with costs.*