LILLIAN U. WOOD *vs.* JAMES CULHANE & another.

Suffolk.    November 26, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Way,* Private.   *Deed,* Boundary.   *Easement.*

In a suit in equity by the owner of a parcel of land abutting on a private way, seeking to have another abutting owner enjoined from trespassing on the way, it was found by the judge who heard the suit that, in the deed to the defendant's predecessor in title and the deed to the defendant, the boundary of the defendant's land was described as beginning at a point on one side line of the way, thence running around the lot "to" said side line, and thence "on" said side line to the point of beginning; that a deed of land to the plaintiff's predecessor in title conveyed also all right, title and interest in the way; that the deed to the plaintiff recited that the land conveyed was subject to rights in the way for the benefit of the defendant's predecessor and another party; that for many years there had been a fence on the boundary line between the defendant's land and the way, that from time to time the plaintiff's predecessor gave to the defendant's predecessor permission temporarily

to remove a portion of the fence so that access could be had for automobiles to the defendant's land; that, subsequent to the acquisition of such land by the defendant, he from time to time had parked automobiles, or caused them to be parked, upon the way against objection by the plaintiff; and that the defendant acquired no rights in the way by deed, user or otherwise.  A final decree was entered in accordance with the prayers of the bill.  *Held*, that

(1) Under the description in the deed to the defendant, the way was excluded from the parcel granted;

(2) In view of the findings by the judge, the defendant had no right in the way;

(3) The decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on October 31, 1927, and described in the opinion.

The suit was heard by *Cox,* J., material facts found by whom are stated in the opinion.  The evidence was not reported.  By order of the judge, a final decree was entered in accordance with the prayers of the bill.  The defendants appealed.

The case was submitted on briefs.

*T. P. Culhane,* for the defendants.

*A. B. White,* for the plaintiff.

CROSBY, J.  This bill in equity is brought to enjoin the defendants from trespassing upon a forty-foot way on the northerly side of land of the plaintiff and extending westerly from North Harvard Street, in Boston, to the William F. Smith playground, owned by the city of Boston.  It is the contention of the plaintiff that the defendants have no rights in the way, while the defendants assert that they are the owners in fee to the center of the way, and that they have a right of way over it where it abuts upon their land.  The case was heard by a judge of the Superior Court who filed "Findings of fact, rulings of law, and order for decree." In accordance therewith a final decree was entered by which the defendants were perpetually enjoined from trespassing upon the way.

As the evidence is not reported, the only question before us is whether the specific facts found are inconsistent with the general conclusion reached.  *Cleveland* v. *Hampden Savings Bank,* 182 Mass. 110, 111.  *Knowles* v. *Knowles,* 205 Mass. 290, 292, 293.  The trial judge made the following

findings: The heirs of one Holmes formerly owned a large tract which included lands now owned by the plaintiff, the defendant Mary C. Culhane, and the President and Fellows of Harvard College. "In 1870 a part of the Holmes land, now a part of Soldiers Field, was conveyed and with it 'a right of way appurtenant . . . over a strip of land 40 feet wide laid out for a street.' This is the 40-foot way involved in this suit and is described in this deed, which is referred to as bounding the parcel conveyed on the south along its entire course of 591 feet. In 1890 the lot now owned by the defendant Mary C. Culhane . . . was conveyed to Mary Sullivan, and the description in the deed, except for some small changes in the distances, conforms exactly to the description in the deed to Mrs. Culhane, which latter description is as follows: —'land in Brighton, situated on North Harvard Street, bounded and described as follows: Beginning at a point in said street where it meets the southerly line of a 40-foot way; thence running southwesterly 114.25 feet on said North Harvard Street; thence turning and running northwesterly 154.47 feet, more or less, and bounding on land now or late of one Woods; thence turning and running northeasterly 100 feet, bounding again on said land now or formerly of Woods to the southerly line of the 40-foot way before mentioned; thence turning and running southeasterly on the southerly line of said 40-foot way 209.74 feet to the point of beginning.'" None of the deeds in the defendants' chain of title contained any reference to any rights in the way, and there was no intention at the time of the conveyance to Mary Sullivan to create rights in the way for the benefit of the Culhane lot. It is manifest that this particular description, which begins at the southerly line of the way, runs around the lot to the southerly line again, and then turns and runs on the southerly line to the place of beginning, excluded the way, and that the grantor retained the fee in it. *Hamlin* v. *Attorney General*, 195 Mass. 309. See also *Gould* v. *Wagner*, 196 Mass. 270; *Erickson* v. *Ames*, 264 Mass. 436.

The judge also found: "In 1892, a part of the land now owned by the plaintiff, and including 'all the right, title and

interest and estate in and to' the 40-foot way, was conveyed
to one White.   In this deed, the 40-foot way is described as
a private way 'delineated on the plan hereinafter men-
tioned.'  There is a further recital in this deed that 'said
premises are shown on a plan to be recorded herewith.'  The
plan was recorded in 1892 . . . which shows the relative
location of the 40-foot way and the parcels of land . . . re-
ferred to.  White simultaneously conveyed to the plaintiff's
father, who in turn in 1914, conveyed, together with other
land, to the plaintiff.  In his deed to her is the following
language: 'A portion of the granted premises is subject to a
right of way 40 feet in width to and from said North Harvard
Street for the benefit of the said Mary Sullivan's (a predeces-
sor in title of Mrs. Culhane) lot and for the benefit of a strip
or parcel of land 109 feet in width, bounding on the north-
easterly side of the premises herein conveyed for a distance
of 744.98 feet, belonging to said President and Fellows of
Harvard College.'"  The judge further found that "For
at least thirty years, there has been a fence of some sort on
the common line of the Culhane lot and the 40-foot way
extending in from North Harvard Street to the end of the
Culhane land.   There was a small opening in this fence at
or near the side door of the house on the Culhane lot.   When
the plaintiff's father held title to the 40-foot way, permission
was granted to Mrs. Sullivan, the then owner of the Culhane
lot, to remove a portion of this fence so that automobiles
might drive in and upon the Culhane lot for parking purposes.
The parking of automobiles was only upon the occasion of
athletic contests and entertainments upon Soldiers Field,
and, at the conclusion of these temporary uses for parking
purposes, the part of the fence which had been removed was
replaced.   From time to time since Mrs. Culhane acquired
title to her lot, which was in November, 1924, the defendants
have parked automobiles, or caused them to be parked, in
and upon the 40-foot way.   This has been done against the
objection of the plaintiff."

In view of the finding that "No rights in the 40-foot way,
so far as the Culhane lot is concerned, have been acquired by
user or otherwise and the deeds of this lot convey no rights

in said way," it is plain that the defendants derive no title in the way by express grant, nor can any easement over it be held to exist by implication.   It follows that the acts of the defendants were without right, and that the plaintiff is entitled to the relief which she seeks.   The cases cited by the defendants are distinguishable in their facts from the case at bar.

*Decree affirmed with costs of the appeal.*