CARMELA CASELLA *vs.* ROBERT W. SNEIERSON & another.

Middlesex.    October 4, 1949. — December 5, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Way,* Private: creation, extent. *Estoppel. Deed,* Construction.

A description in a deed which bounds the granted land by or on a side line of a way is no less effective to give the grantee an easement in the way by estoppel than a description bounding the granted land by or on the way.

A right of way by estoppel over the land comprised within a prolongation northerly, along the entire west boundary of a lot, of a named private street which was constructed only up to the south boundary of the lot was acquired by the grantee in a deed of the lot, given by a grantor who also owned the land comprised within the prolongation, by reason of a description of the west boundary of the lot as being "on the easterly line of" the street for a stated distance, although the street was not shown on any plan referred to in the deed and the prolongation of it along the lot was unconstructed.

A right of way by estoppel acquired by a grantee of a lot in a private street adjoining the lot on the west did not extend beyond the north boundary of the lot where, in the circumstances, the parties to the deed could not be said to have contemplated such an extension.

BILL IN EQUITY, filed in the Superior Court on November 19, 1948.

The suit was heard by *Morton*, J.

*J. C. Collins*, for the plaintiff.

*P. S. Belson*, (*J. M. Esterkes* with him,) for the defendants.

SPALDING, J.   The plaintiff brings this bill in equity to restrain the defendants from erecting a garage on land over which the plaintiff claims to have a right of way. The evidence is reported and the judge made a report of the material facts found by him.

The pertinent facts may be summarized as follows: The plaintiff is the owner of a lot of land in Waltham on which there is a dwelling.  The defendants own land which adjoins the plaintiff's lot to the west and to the north and is designated as lot "B" on the plan, material features of which are shown on page 87, *post*.  The defendants' lot is bounded on the north by a narrow strip of land owned by the Commonwealth which runs to the Charles River.  The southern boundaries of both lots form a continuous line.  Wall Street lies to the south of the lots and adjoins them so that its easterly boundary if extended coincides with the westerly boundary of the plaintiff's lot, forming a line perpendicular to the southern boundary of the lots.  Wall street is a private way thirty-three feet wide and is paved up to the point where it adjoins the land of the plaintiff and the defendants.  Beyond the point where the pavement ends "no way had been laid out, the land being rough and uncultivated and having thereon grass and stones."

Both parcels of land involved in this litigation were at one time owned by one Wood.  In 1922 what is now the plaintiff's lot was conveyed to one Durkiwicz by a deed which referred to the property as "land in Waltham situated on the easterly side of Wall Street, a private way."  That part of the description contained in the deed to Durkiwicz here pertinent reads: "Beginning at the southwesterly corner of the granted premises at a point in the easterly line of said Wall Street at land of Hughes; thence running northerly on the easterly line of said Wall Street one hundred

eight (108) feet more or less to a point . . . ." In 1924
Durkiwicz conveyed the premises to the plaintiff by a deed
describing the property in the same words as those just

quoted. In August, 1948, Wood conveyed the land com-
prising lots "A" and "B" on the above mentioned plan[1]

[1] The plan which bears the date of September 30, 1948, was not in existence
when the conveyances to Durkiwicz and the Savoys were made and was not
referred to in either of the deeds.

to Albany R. and Joseph G. Savoy, the defendants' predecessors in title. In October, 1948, the defendants acquired lot B from the Savoys.

In November, 1948, the defendants commenced the erection of a garage. The site of the proposed garage is twelve feet from the west line of the plaintiff's lot and fifty feet back from Wall Street. The plaintiff contends that she has a right of way over the strip of property to the west of her land corresponding to a northerly extension of Wall Street and that this way is not only coextensive with her property but extends on northerly down to the river. If only the first part of the plaintiff's contention is correct, then, obviously, the proposed garage would interfere with the plaintiff's right of passage over the way, for it would be located on a continuation of Wall Street at a point opposite the plaintiff's land. The judge concluded that the oral and documentary evidence did not warrant a finding or ruling that any way was created by grant, and that if there was an attempt to create one it was "too indefinite and uncertain to establish any rights thereunder." He found, however, that the plaintiff had a right "both by prescription and by necessity" to pass over land of the defendants along her western boundary from Wall Street to a point opposite the northerly line of her residence. This way, which the judge found to be twenty feet wide and forty feet in length, did not embrace the area where the defendants' garage was to be built. A decree was entered accordingly, from which the plaintiff appealed.

Whether the plaintiff acquired a right of way by grant depends on the effect of the deed from Wood to Durkiwicz, her predecessor in title.[1] The significant words in that deed are the following: "Beginning at the southwesterly corner of the granted premises at a point in the easterly line of said Wall Street at land of Hughes; thence running

---

[1] The deed from the Savoys to the defendants contains the recital "subject to a right of way in Wall Street, a private way of record." But this gave no rights to the plaintiff who was a stranger to that deed. *Haverhill Savings Bank* v. *Griffin*, 184 Mass. 419, 421. *Hodgkins* v. *Bianchini*, 323 Mass. 169, 172.

northerly *on the easterly line of said Wall Street* one hundred
eight (108) feet more or less to a point" (emphasis supplied).
The plaintiff rightly does not contend that she acquired the
fee in any part of the way. It is to be noted that the descrip-
tion here does not bound the property "on" or "by" Wall
Street. Ordinarily a deed which bounds the premises "on"
or "by" a way with no restricting or controlling words
conveys title to the middle of the way if the way belongs
to the grantor. *Gray* v. *Kelley,* 194 Mass. 533, 536–537.
*Pinkerton* v. *Randolph,* 200 Mass. 24, 26–27. *Salem* v.
*Salem Gas Light Co.* 241 Mass. 438, 441. *Erickson* v. *Ames,*
264 Mass. 436, 442–445. But the rule is otherwise where
the deed describes the boundary as being "on" or "by" the
side line of a way. Such a description ordinarily indicates
that the grantor did not intend to part with title to any
portion of the way. *Smith* v. *Slocomb,* 9 Gray, 36. *Holmes*
v. *Turner's Falls Co.* 142 Mass. 590, 592. *McKenzie* v.
*Gleason,* 184 Mass. 452, 458. *Hamlin* v. *Attorney General,*
195 Mass. 309, 312. *Wood* v. *Culhane,* 265 Mass. 555, 557.
The description in the deed under consideration belongs
to this class. Thus Wood's grantee, Durkiwicz, did not
acquire a fee to the center of the way and, of course, the
plaintiff, whose title stems from Durkiwicz, acquired no
better right.

The question remains whether the deed to Durkiwicz,
although it conveyed no fee in any part of the way, created
an easement of way. The plaintiff invokes the familiar
rule that, when a grantor conveys land bounded on a street
or way, he and those claiming under him are estopped to
deny the existence of such street or way, and the right thus
acquired by the grantee (an easement of way) is not only
coextensive with the land conveyed, but embraces the
entire length of the way, as it is then laid out or clearly
indicated and prescribed. *Tobey* v. *Taunton,* 119 Mass.
404, 410. *Ralph* v. *Clifford,* 224 Mass. 58, 60. *Oldfield* v.
*Smith,* 304 Mass. 590, 595–596. *Frawley* v. *Forrest,* 310
Mass. 446, 451. *Daviau* v. *Betourney, ante,* 1, 3.

Although there is some authority to the contrary (see

*McKenzie* v. *Gleason*, 184 Mass. 452, 458–459; *Wood* v.
*Culhane*, 265 Mass. 555, 558–559), we think it must be
regarded as settled in this Commonwealth that a description
which bounds property by the side line of a way is no less
effective to give the grantee an easement in the way, under
the principle just stated, than a description which bounds
the property *by* or *on* a way. *Gaw* v. *Hughes*, 111 Mass.
296. *Cole* v. *Hadley*, 162 Mass. 579. *Driscoll* v. *Smith*, 184
Mass. 221. *Hill* v. *Taylor*, 296 Mass. 107, 116. Thus had
Wall Street been in existence along the westerly boundary
of the plaintiff's lot at the time of the conveyance to Dur-
kiwicz there could be no doubt, under the decisions just
cited, that he and those claiming under him would have
acquired an easement of way over it. That Wall Street
was not then in existence would not necessarily preclude
the creation of such an easement. *Lemay* v. *Furtado*, 182
Mass. 280. The estoppel of the grantor to deny the existence
of the way "applies as well to a contemplated way if clearly
indicated as to an existing street." *Ralph* v. *Clifford*, 224
Mass. 58, 60. *Tufts* v. *Charlestown*, 2 Gray, 271, 273. In
the case last cited it was said, "When a grantor conveys
land, bounding it on a way or street, he and his heirs are
estopped to deny that there is such a street or way. This
is not descriptive merely, but an implied covenant of the
existence of the way" (page 272). Applying these principles
here we think that the judge erred in holding that the deed
under which the plaintiff claims gave her no easement over
Wall Street as continued beyond the point where it joins
her lot and that of the defendants. While the judge based
his conclusion on the oral as well as the documentary evi-
dence, we find nothing in the oral evidence which overcomes
the effect of the deed on which the plaintiff's rights are
based. To be sure, Wall Street along the plaintiff's westerly
boundary had not been laid out at the time of the convey-
ance to Durkiwicz; nor was it shown on any plan referred
to in his deed. But it was sufficiently designated by the
reference in the deed so that the grantor and those claiming
under him would be estopped to deny its existence, at least

as far north as the plaintiff's westerly boundary extends. To that point the way could be ascertained with reasonable certainty. Moreover, a way to some extent was necessary to a reasonable enjoyment of the property conveyed, for the judge found that the plaintiff had a way not only by prescription but by necessity. A way created by estoppel, of course, "is not a way by necessity, and the right exists even if there be other ways either public or private leading to the land." *New England Structural Co.* v. *Everett Distilling Co.* 189 Mass. 145, 152. *Hill* v. *Taylor*, 296 Mass. 107, 116. We have considered the factor of necessity only as it may bear on the intent of the parties at the time of the conveyance to Durkiwicz. It is reasonable to infer, therefore, that the reference in the deed to the side line of Wall Street was intended to have its ordinary effect and would estop the grantor and those claiming under him from denying the existence of Wall Street along the plaintiff's westerly boundary.

The extent of the plaintiff's rights beyond the limits of her land "will depend upon, and may be shown by, extrinsic facts, as they existed at the time of the conveyance." *Frawley* v. *Forrest*, 310 Mass. 446, 451. *Fox* v. *Union Sugar Refinery*, 109 Mass. 292, 295–296. The question is one of fact. *Driscoll* v. *Smith*, 184 Mass. 221, 223. Since all of the evidence is before us, we are in a position to decide it. We are of opinion that the plaintiff's easement ought not to extend beyond the limits of her land. In the closely analogous situation involving the rights of grantees of lots bounded on a way shown on a plan referred to in a deed, the court in determining the extent of the easement has taken into consideration what was necessary for the enjoyment of the premises granted (although the necessity need not be an absolute or physical one) and whether the way referred to at its distant end connected directly or indirectly with a public highway. *Wellwood* v. *Havrah Mishna Anshi Sphard Cemetery Corp.* 254 Mass. 350, 355. See *Prentiss* v. *Gloucester*, 236 Mass. 36, 53. Here, if the extension of Wall Street were to be continued beyond the limits of the plain-

tiff's land, it would lead not directly or indirectly to any public way, but only to the narrow strip along the river owned by the Commonwealth. It would not be necessary to any reasonable enjoyment of the granted premises. It is hardly conceivable that an extension of the way to that point was within the contemplation of the parties when the conveyance to Durkiwicz was made. Beyond the limits of the plaintiff's land it cannot be said that the way was "clearly indicated and prescribed." *Frawley* v. *Forrest,* 310 Mass. 446, 451.

It follows that the decree of the court below is reversed and a new decree is to be entered based on a right of way appurtenant to the plaintiff's land by the prolongation of Wall Street, at its original width, along the entire length of the plaintiff's western boundary. The plaintiff is to have costs of this appeal. *So ordered.*