CITY OF REVERE *vs.* MARY G. NOONAN & another.

Suffolk.   December 7, 1953. — January 8, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Way*, Private: extent.   *Easement.*

In the circumstances pertaining to a dead end private street running from an avenue among lots into which a parcel of land had been divided, the owner of such a lot located at the corner of the avenue and the street had only a right of way over the street to enable him to reach the avenue and did not have a right of way over the whole length of the street.

PETITION, filed in the Land Court on August 3, 1951.

The case was heard by *Fenton*, J.

*James F. Mulligan*, for the respondents, submitted a brief.

*Mario Misci*, (*Archie H. Cohen*, City Solicitor, with him,) for the petitioner.

LUMMUS, J.   This is a petition by the city of Revere for the registration of its title, acquired under sales for the nonpayment of taxes, to land on Winthrop Avenue in Revere. The respondent Mary G. Noonan denied the title of the city and claimed a right of way in the whole of a cul-de-sac or dead end street (hereinafter referred to as the street) which runs westerly from Winthrop Avenue.

The judge found the following facts.   In 1910 a parcel of land on Winthrop Avenue was divided in partition proceedings into lots with the street running among them.   In those proceedings it was provided in substance that the street was laid out for the use and benefit of the owners of all the lots and their heirs and assigns for all the usual purposes of a way.   Subject to the right of way, the fee in the street to the center thereof opposite each abutting lot was given to the person to whom that lot was assigned in

the partition.   The judge found that the intention was to grant to the owners of the lots abutting on the street only a right of way over it to reach Winthrop Avenue.

Each of the respondents owns one of the lots at the corner of the street and Winthrop Avenue, including the fee of the street to the center thereof along such lot.   The land described in the petition consists of all the lots except those of the respondents and one other lot, not abutting on the street, and of all of the street except the portions owned by the respondents.

The title of the city to the land described in the petition was ordered registered, subject only to rights of way to enable the respondents owning lots at the corner of the street and Winthrop Avenue to reach Winthrop Avenue. The respondent Noonan appealed.

The only question relates to the distance down the street from Winthrop Avenue that Noonan's right of way extends. Obviously, since she owns no land on the street except a lot at the corner of Winthrop Avenue, she would have no practical use for any right of way farther down the street than that corner lot.   That is an important fact in the determination of the question whether Noonan's right of way was intended to extend beyond the limits of her land. *Casella* v. *Sneierson*, 325 Mass. 85, 91–92.   *Bessey* v. *Ollman*, 242 Mass. 89.   *Prentiss* v. *Gloucester*, 236 Mass. 36, 52–53. *Wellwood* v. *Havrah Mishna Anshi Sphard Cemetery Corp.* 254 Mass. 350.   *Pearson* v. *Allen*, 151 Mass. 79.   We are of opinion that the respondent Noonan has no right of way beyond that given her by the decision of the Land Court.

*Decision affirmed.*