WALTER KASSUBA REALTY CORP. *vs.* EVELYN FRANCES
AKESON & others, trustees.

Middlesex.    April 9, 1971. — June 28, 1971.

Present: TAURO, C.J., SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Way,* Private: extent. *Easement. Real Property,* Registered land: certificate of title.

A deed conveying land with rights of way over abutting private ways shown on a recorded plan referred to in the deed in the circumstances did not convey easements by implication over nonabutting "paper" extensions of such ways into abutting land delineated on the plan. [727–728]

A certificate of title describing registered land as bounded by named private ways and stating that they were appurtenant to the described land, and referring to detail plans which showed such ways and also extensions thereof somewhat beyond and not abutting the described land, but which did not plot the full extensions, did not create express easements in such extensions. [728]

PETITION filed in the Land Court on July 12, 1968.

The case was heard by *Silverio,* J.

*Ernest B. Murphy* for the respondents.

*William P. Tsaffaras* for the petitioner.

BRAUCHER, J.   The owners of the locus, a tract of land in Stoneham, brought a petition in the Land Court under G. L. c. 185, as amended, to register the title. Later a purchaser of the locus was substituted as petitioner. The respondents, abutting owners, claim rights of way over "paper" streets running through the locus, and appeal from a decision of the Land Court that the petitioner is entitled to a decree registering title to the locus.

The land of the respondents abuts the locus on the north. The locus may be approached from the north on any one of three roughly parallel north-south ways: (1) Glen Road, a public way abutting the respondents' land and the locus on the east, (2) Oakland Avenue, a private way running between the two parcels comprising the respondents' land,

and completed to one of the southerly boundaries of the respondents' land, adjoining the locus, and (3) Hillside Road, a private way abutting on the west the respondents' land, a parcel south of the respondents' land, and the locus, and completed to a line forming part of the boundary of the locus. In issue are rights of way over nonexistent southerly extensions of Oakland Avenue and Hillside Road into the locus. The respondents' claim arises by virtue of a plan entitled "Plan of House Lots Situate on 'Mount Discovery,' Stoneham, Mass. belonging to Mrs. Sarah A. Hill, May, 1898, James Adam, C.E." (the Adam plan), which is recorded in the registry of deeds.

The respondents' two parcels were conveyed to the Standard Oil Company of New York (Standard Oil) in 1914, 1915 and 1919 by four deeds, three of which referred to the Adam plan and conveyed land bounded by Oakland Avenue or by both Oakland Avenue and Hillside Road. None of the deeds contains an express grant of an easement. Standard Oil registered title to one parcel in 1916, to the other in 1920. The certificates of title describe one parcel as bounded by Oakland Avenue and the other as bounded by Oakland Avenue and Hillside Road. The decree plans show those ways as extending somewhat beyond the portions abutting the respondents' parcels, but the full southerly extensions of those ways are not plotted. Each certificate of title states that rights to use the named bounding ways in common with others entitled thereto are appurtenant to the described land. Like provisions were carried through mesne conveyances and certificates of title into the certificate of title issued to the respondents in 1960.

The respondents contend that the conveyances to Standard Oil of land bounded by ways shown on the Adam plan, to which the deeds made reference, created appurtenant rights in those ways for their entire distance as shown in the plan. They also contend that the certificates of title issued to Standard Oil had the effect of express grants of such rights. Rights so created, they assert, passed to them pursuant to G. L. c. 183, § 15.

1. It is not disputed that the respondents have rights of way over the. portions of Oakland Avenue and Hillside Road abutting their land, and over those further portions which have been laid out and used as private ways. The dispute relates only to the southerly "paper" extensions into the locus, not abutting the respondents' land. In such a case, if nothing is contained in the deed to define it, "the extent of the grantee's rights beyond the limits of his land will depend upon, and may be shown by, extrinsic facts, as they existed at the time of the conveyance." *Frawley* v. *Forrest*, 310 Mass. 446, 451, and cases cited. *Casella* v. *Sneierson*, 325 Mass. 85, 91–92. Compare *Murphy* v. *Mart Realty of Brockton, Inc.* 348 Mass. 675, 677–678, *Thompson* v. *Lorden*, 358 Mass. 69, 73.

The present case is strikingly similar to *Wellwood* v. *Havrah Mishna Anshi Sphard Cemetery Corp.* 254 Mass. 350, and the judge relied heavily on that case in his decision. "The mere reference in a deed to a lot number and a bounding street, as shown on a recorded plan, does not as matter of law give the grantee an easement in all the ways shown thereon, nor prevent the grantor from making changes therein not inconsistent with the rights of the grantee. . . . 'In determining the intent, the entire situation at the time the deeds were given must be considered. For example, whether the ways in question merely existed on paper, or were then constructed on the ground; whether they were then actually used as appurtenant to the granted premises; or whether they were remote or in close proximity.' *Prentiss* v. *Gloucester*, [236 Mass. 36, 52–53]. . . . In cases where it has been held that the grant of a lot bounding on a way as shown on a plan estops the grantor and those claiming under him from denying the existence of the way for its entire length in either direction, it will usually appear that the way referred to is in use or actually staked out on the land." *Id.* at 354–355.

We think these principles apply here. As in the *Wellwood* case, the ways in issue had been delineated on the plan but had not been marked out or used as such. Oakland Avenue,

if completed, would lead directly to no public way; Hillside Road, if completed, would lead to Glen Road, a public way, only after turning more than ninety degrees to the left. One of the respondents' parcels abuts on Glen Road. The respondents have adequate and convenient access to a public way to the north of their land, and the "paper" streets are not necessary to their enjoyment of their property. As in the *Wellwood* case, the respondents have not maintained their burden of proving a grant by implication of an easement over the petitioner's land. Compare *Revere v. Noonan,* 331 Mass. 49, 50.

2. The judge also properly rejected the respondents' claim that the certificates of title issued to Standard Oil had the effect of express grants of the easements in issue. We assume that the plans referred to in the certificates of title must be considered as part of the certificates of title so far as is necessary to aid in description and identification of the easements granted, *Dubinsky* v. *Cama,* 261 Mass. 47, 53, and that the issuance of a certificate of title referring to a right of way as shown on a plan has the effect of an express grant. *Id.* at 55–56. See *Goldstein* v. *Beal,* 317 Mass. 750, 755–756. But the certificates of title referred not to the Adam plan but to detail plans, like those referred to in *Prentiss* v. *Gloucester,* 236 Mass. 36, 41, "showing the immediate property then conveyed with the adjoining roads, the lines of such roads being carried beyond the limits of the land immediately conveyed, indicating their continuance on either side of the granted premises." Such a grant in a deed would not prevent recourse to extrinsic evidence to determine the intent of the parties as to the extent of the grantee's rights beyond the limits of his own land. It has no greater effect in a certificate of title.

*Decision affirmed.*