ROBERT T. FLYNN *vs.* ROGER A. BRASSARD & another.[1] March 25, 1976. This case (see *Flynn v. Brassard,* 1 Mass. App. Ct. 678 [1974]) has now returned in a posture which permits a reasoned resolution of a simple issue. At the time of their 1955 deed to the Colbys of the parcel located at the southwesterly corner of Ledge Road and Curtis Street, the defendants owned the fee in the entire length of the relevant portion of Curtis Street as well as the fee in all the land lying along both sides of that portion of that street (*Brassard v. Flynn,* 352 Mass. 185, 186-187, 188 [1967]), and no easement in favor of any part of the defendants' land existed in any portion of the street. *Goldstein v. Beal,* 317 Mass. 750, 754 (1945). That deed described the parcel conveyed by metes and bounds (i.e., "thence southerly bounding easterly on said Curtis Street one hundred ninety-four [194] feet to a corner") and omitted any reference to the recorded plan in the defendants' chain of title which showed the location of Curtis Street. Contrast *Murphy v. Mart Realty of Brockton, Inc.* 348 Mass. 675, 678 (1965), and cases cited. Ledge Road was a public way,[2] and the Colbys are not shown to have had any practical use for a right of way of any sort in any portion of Curtis Street lying southerly of the parcel conveyed to them. Compare *Revere v. Noonan,* 331 Mass. 49, 50 (1954). In the circumstances shown, there is no room for any implication that the defendants intended to grant the Colbys any right to use any portion of Curtis Street lying southerly of their parcel. *Casella v. Sneierson,* 325 Mass. 85, 91-92 (1949). Compare *Walter Kassuba Realty Corp. v. Akeson,* 359 Mass. 725, 727-728 (1971). See also *Murphy v. Mart Realty of Brockton, Inc. supra,* at 678-679; *Uliasz v. Gillette,* 357 Mass. 96, 103 (1970). The confirmatory conveyance from the defendants to the Colbys in 1961 described the easement in question as one extending "for a distance of One Hundred ninety-four [194] feet southerly from Ledge Road . . . as the aforementioned land of these Grantees abuts on said Curtis Street" and did nothing to enlarge the rights originally granted in 1955. Compare *Brassard v. Flynn, supra,* at 188, n. 1. (The last quoted description was echoed almost verbatim in the 1962 deed from the Colbys to the plaintiff and his wife.) On this record no question of a dedication of any portion of Curtis Street to public use is or could be involved. *Uliasz v. Gillette, supra,* at 103-104. The judgment is to be

---

[1] Jacqueline C. Brassard.

[2] There is a recital in the statement of agreed facts that "Ledge Road *is* a public way" (emphasis supplied), and the case has been argued to us on the footing that that road was a public way in 1955. It was so described in a 1959 decision of the Land Court which was incorporated in the agreed facts and in the judge's findings but which is not otherwise material to the present controversy.

Rescript Opinions.

modified so as to provide for the dismissal of the plaintiff's bill of complaint and, as so modified, is affirmed.

*So ordered.*

*Robert T. Flynn,* pro se.
*Charles E. Bennett* for the defendants.