WALKER-ROGERS POST NO. 662, VETERANS OF FOREIGN WARS OF U.S., INC. *vs.* LEONARD VIGEANT. August 7, 1980. The plaintiff seeks to prevent the defendant from using that part of Eaton Street in Lowell which runs south from Montreal Street to Plain Street. The plaintiff asserts ownership and the defendant counterattacks by urging a right of way over Eaton Street from his property, which is north of Montreal Street, to Plain Street. The judgment ordered the plaintiff to cease and desist from interfering with the defendant's use of Eaton Street between Montreal and Plain Streets. There was no error.

1. The plaintiff purchased a parcel of real estate on the easterly side of Eaton Street in 1957 and a second parcel on the opposite side of Eaton Street in 1958. Eaton Street is not a public way. In 1977, the defendant acquired title to certain real estate on Eaton Street, north of the plaintiff's parcels and beyond the intersection of Eaton and Montreal streets. All three parcels were formerly owned by a Daniel Ayer. In 1851, Ayer conveyed the property which is now the defendant's parcel to one Asa W. Farr. In describing the defendant's locus, Ayer referred to it, in part, as being "on the northerly side of said Montreal Street and on the easterly side of said Eaton Street." In the same deed, Ayer refers to both streets as "new." The plaintiff traces its title to both parcels to Ayer, who conveyed one such parcel in 1851 and the other in 1852 to the plaintiff's predecessors in title.

A rule of construction which is honored by its antiquity as well as its practicability is that when a piece of land is described in a deed as on a way or street, "the grantor and his heirs are estopped from denying that there is a street or way . . . ." *Parker* v. *Smith,* 17 Mass. 413, 415 (1821). *Thomas* v. *Poole,* 7 Gray 83, 84 (1856). The plaintiff concedes this principle but argues that the defendant's rights in Eaton Street are only in that part of Eaton Street which his property abuts. To determine the extent of the defendant's right beyond that portion of Eaton Street which abuts the defendant's property the judge was required to examine "extrinsic facts, as they existed at the time of the conveyance." *Frawley* v. *Forrest,* 310 Mass. 446, 451 (1941), quoted with approval in *Casella* v. *Sneierson,* 325 Mass. 85, 91 (1949). This examination led to his conclusion that the defendant has a right of way in Eaton Street between Plain and Montreal Streets. The plaintiff has not demonstrated that such conclusion was clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974).

2. There is no merit to the plaintiff's alternative argument that the defendant, if he ever acquired a right of way, has abandoned it. An abandonment requires proof of intent to abandon and actual abandonment or nonuse. *Lemieux* v. *Rex Leather Finishing Corp.,* 7 Mass. App. Ct. 417, 421-422 (1979). The judge found neither element.

*Judgment affirmed.*

*Michael Stephen Kinson* for the plaintiff.
*Brian P. Barry* for the defendant.