ROSE B. LINHARES *vs.* JOHN MEDEIROS, JR. June 30, 1982. Between the property in Dartmouth owned by Rose B. Linhares and that owned by John Medeiros, Jr., there runs an old dirt road called Duval Lane. It is the right of Linhares to pass over Duval Lane which the parties dispute.

1(a). There was evidence which supported — although it did not compel — the judge's finding that Medeiros owned the fee in Duval Lane. The description in the deed under which Linhares took title placed her southeasterly boundary parallel to Duval Lane along a line fifteen feet short (i.e., northwesterly) of that way. While the deed under which Medeiros took contained no metes and bounds, in the absence of evidence of conveyances of, or reservations of rights concerning the land in Duval Lane, it was open to the judge to infer that the Medeiros tract (which contained thirty-three acres) extended to the northwesterly abutter, who was Linhares.

1(b). The endorsement by the Planning Board of Dartmouth pursuant to G. L. c. 41, § 81P, on a plan filed by Linhares that approval under the Subdivision Control Law was not required, implicitly recognized Duval Lane as a way either "maintained and used as a right of way" or "a way in existence when the subdivision control law became effective" and having "in the opinion of the planning board, sufficient width, suitable grades and adequate construction . . . ." G. L. c. 41, § 81L. See *Casagrande* v. *Harvard*, 377 Mass. 703, 703-704 (1979); *Fenn* v. *Middleborough*, 7 Mass. App. Ct. 80, 83-87 (1979). It was, however, open to the judge to find, as he did, that such inference as might be drawn from the § 81P endorsement was rebutted by the circumstance that Duval Lane was "a rough country lane . . . approximately sixteen feet wide affording

barely sufficient room for two motor vehicles to pass each other." The judge took a view and there was no evidence of regular maintenance of Duval Lane by the town. The town did not plow it in winter. An isolated act of spreading gravel and widening by the town (which had a right of access over Duval Lane to a conservation area) did not prove the contrary.

1(c). There was no evidence that the title of Linhares and Medeiros came from a common grantor who conveyed land described as on a way, so that the grantor and successors in title would be estopped from denying there is a street or way. *Parker* v. *Smith*, 17 Mass. 413, 415 (1821). *Walker-Rogers Post No. 622, Veterans of Foreign Wars of U.S., Inc.* v. *Vigeant*, 10 Mass. App. Ct. 860 (1980). Indeed, there is no reason to suppose that a grantor of predecessors in title of Linhares would have granted them use of Duval Lane; they did not require it because they had adequate frontage on Rock O'Dundee Road, a public way. For that reason the appearance of a way on an 1871 atlas map, which was identified as tracking the location of Duval Lane, established nothing as to the rights of Linhares.

So much of the judge's rulings of law as determined, in substance, that Linhares had not carried her burden of proving that she had a right to use Duval Lane for passage by foot and vehicle is correct.

2. The judge also ruled that the failure of Medeiros to restrain Linhares from using Duval Lane estopped him from barring her passage. Linhares's own complaint, however, protested that Medeiros obstructed access to Duval Lane when she was building her house and ordered workers to stay out of the lane. She testified that Medeiros began blocking the way when she started to pour a foundation. The complaint contained a prayer for a temporary restraining order, which was allowed and a week later ripened into a preliminary injunction ordering Medeiros not to interfere with the passage of any persons or vehicles pending further order of the court. In the circumstances, it could hardly be said that Medeiros slept on his rights. See *Myers* v. *Salin*, 13 Mass. App. Ct. 127, 138-140 (1982), and cases cited. So much of the trial judge's rulings as estopped Medeiros from barring the use of Duval Lane to Linhares because he failed "to restrain Mrs. Linhares from using Duval Lane during the course of construction and afterwards" is error. That ruling was the basis for a judgment enjoining Medeiros from interfering with the use of Duval Lane by Linhares, and that judgment is to be reversed. A judgment is to enter declaring that Linhares has no rights in Duval Lane.

Doubtless the judge, in deciding upon the relief to be granted recognized that, since the town and Raytheon Manufacturing Company (owners of back land on Duval Lane) had rights of passage in Duval Lane, there was no apparent reason why Medeiros chose to deprive Linhares of access. She could obtain alternate access only at some significant expense. There was evidence that a reserve of a fifteen foot strip parallel to and

southeasterly of Linhares's property had been maintained for the layout of a widened Duval Lane. This hints at some intention by the town to acquire the fee in Duval Lane for purposes of eventually building a public way. Against the possibility that this is the design of the town, the judge is authorized to retain jurisdiction and may continue the temporary injunction against interference with Linhares's use of Duval Lane until the conclusion of the next annual town meeting, so as to give the town an opportunity to consider what action, if any, it wishes to take.

The judgment is reversed and a new judgment shall enter consistent with this opinion.

*So ordered.*

*Fred M. Thomas* for the defendant.
*Philip N. Beauregard* for the plaintiff.