CITIES SERVICE OIL COMPANY *vs.* GENERAL DYNAMICS
CORPORATION.

Norfolk.  April 13, 1982. — July 13, 1982.

Present: BROWN, ROSE, & DREBEN, JJ.

*Easement. Real Property,* Easement, Registered land, Certificate of title.

A right of way over a parcel of registered land which had been extinguished
when the United States acquired "full, free and unencumbered title"
to the parcel was revived upon the subsequent issuance, upon petition
of the United States, of a certificate of title subjecting the parcel to the
right of way, despite the fact that a deed conveying the parcel shortly
after the issuance of the certificate did not refer to the right of way.
[133-135]

The fact that a right of way over a parcel of land had been extinguished
when the United States acquired title to the parcel did not, in the cir-
cumstances, establish error or mistake within the meaning of G. L.
c. 185, § 114, in the subsequent issuance of a certificate of title sub-
jecting the parcel to the right of way.  [135-136]

CIVIL ACTION commenced in the Superior Court on De-
cember 16, 1975.

Upon transfer to the Land Court, the case was heard by
*Fenton, J.*

*Stephen P. Lindsay (George T. Finnegan* with him) for
the defendant.

*Michael H. Goshko* for the plaintiff.

DREBEN, J.  The defendant appeals from a judgment of the
Land Court[1] which determined that a parcel of registered
land owned by it in Braintree (hereinafter referred to as Lot
F) is subject to a right of way in favor of the plaintiff and
which enjoined the defendant from interfering with the rights
of the plaintiff to that right of way.  We affirm the judgment.

---

[1] The action was originally filed in the Superior Court but was trans-
ferred to the Land Court on motion of the defendant.

The case was submitted to the Land Court on a statement of agreed facts. Prior to 1942, Cities Service Oil Company (Citgo) had a right of way over Lot F. The right of way had been given to Citgo's predecessor in title by the Commonwealth by an instrument dated May 21, 1920, which was registered as document no. 10705.

In 1942, the Federal government, the defendant's grantor, commenced land taking proceedings to acquire a fee simple title in certain parcels of land including Lot F. Although Citgo filed an answer in those proceedings, a 1949 Federal court order determined that the compensation to be paid by the United States for the taking of "full, free and unencumbered title" to the parcels in question did not include any compensation to Citgo. No action was thereafter taken by Citgo to protest the taking or to pursue damages.

Based on the Federal court records, the judge of the Land Court ruled that the United States had sought and was granted an unencumbered fee simple interest thereby extinguishing the plaintiff's right of way. Neither party complains of that portion of the judge's ruling. The judge, however, also ruled that the plaintiff's right of way was re-created in 1970. It is this ruling which is challenged by the defendant.

On April 7, 1970, for the first time, the United States petitioned for a certificate of title in its own name and a cancellation of the previous certificate which was still in the name of the Commonwealth. The petition represented that the locus was subject to a right of way created by an "instrument dated May 21, 1920, and registered . . . as Document No. 10705." On April 29, 1970, the Land Court ordered the old certificate cancelled and that a new certificate issue "subject to a right of way as set forth in Document No. 10705." Pursuant to this order, registered as document no. 307098, a transfer certificate of title was issued to the United States on April 30, 1970, which subjected Lot F to the right of way. Thereafter, on the same day, the United States by deed conveyed Lot F and the other parcels covered by the transfer certificate of title to the defendant. The deed did not refer to the right of way and recited that the

grant was made "without any covenants whatsoever." A transfer certificate of title identical to the one previously held by the United States was issued to the defendant.

In December, 1975, Citgo brought this action to enjoin the defendant from interfering with its right of way. The defendant's answer denied the existence of the right of way and contained a counterclaim which sought amendment of its certificate and that of Citgo by striking the references to the right of way over Lot F on the ground that such references "are mistaken and of no effect." See G. L. c. 185, § 114.[2]

The defendant's argument is two-pronged. First, it argues that a deed or other instrument of grant is necessary to create an interest in land, that subsequent to the extinguishment of the right of way there was no deed to the plaintiff, and therefore, the petition and documents issued in 1970 were insufficient to convey an interest to the plaintiff. The defendant also argues that its 1970 certificate stating that Lot F is subject to a right of way was issued in error within the meaning of G. L. c. 185, § 114.

1. *Effect of registration.* The defendant's argument that a deed is needed to create or perpetuate an interest in land, fails, as the judge below stated, "to take into account that

---

[2] General Laws c. 185, § 114, as in effect prior to St. 1981, c. 658, § 40, in relevant part read as follows:

"A registered owner or other person in interest may apply by petition to the court upon the ground that registered interests of any description, whether vested, contingent, expectant or inchoate, have terminated and ceased; or that new interests not appearing upon the certificate have arisen or been created; or that any error or omission was made in entering a certificate or any memorandum thereon, or on any duplicate certificate; . . . or upon any other reasonable ground; and the court may hear and determine the petition after notice to all parties in interest, and may order the entry of a new certificate, the entry or cancellation of a memorandum upon a certificate, or grant any other relief upon such terms, requiring security if necessary, as it may consider proper; but this section shall not authorize the court to open the original decree of registration, and nothing shall be done or ordered by the court which shall impair the title or other interest of a purchaser holding a certificate for value and in good faith, or his heirs or assigns, without his or their written consent."

the land in issue is registered." Under G. L. c. 185, § 57, "no deed . . . shall take effect as a conveyance or bind the land . . . . The act of registration only shall be the operative act to convey or affect the land . . . ." Thus, as put by one commentator, "Under this system title to land is not conveyed by a deed, as such, but only by the registration of the transfer, . . . and the deed, *if made*, is considered as nothing more than a contract between the parties by which the officer intrusted with the duty is authorized to make the transfer" (emphasis supplied). R. Devlin, Real Property and Deeds § 1440, at 2606-2607 (3d ed. 1911). See also Park, Real Estate Law § 785, at 212 (1981). That registration is the operative act to create a right of way is fully supported by our cases. In *Dubinsky* v. *Cama*, 261 Mass. 47, 55 (1927), the Supreme Judicial Court did not look to the plaintiff's deed to determine whether his land was subject to the rights of way in question.[3] Rather, the court held that the "issuance of certificates of title in conformity to the plan and its accompanying decree had the effect of creating the rights involved in this litigation by express grant. . . ." See also *Walter Kassuba Realty Corp.* v. *Akeson*, 359 Mass. 725, 728 (1971), where the court assumed that the issuance of a certificate of title referring to the right of way as shown on a certain plan would have had "the effect of an express grant." See also *Canton Highlands, Inc.* v. *Searle*, 9 Mass. App. Ct. 48, 51 (1980).

Moreover, treating registration as the operative act of conveyance is central to the "legislative plan for the registration of titles to land, where, subject to certain exceptions, all rights of ownership and interest in the land are shown by certificates of title." *St. George's Church* v. *Primitive Methodist Church*, 315 Mass. 202, 205 (1943). To require going behind the certificate in search of additional documents would severely undercut that statutory purpose.

Accordingly, we hold that the registration of the court order entered on the petition of the United States had the

---

[3] The opinion does not even indicate that there was a deed.

effect of expressly granting the right of way to the plaintiff. We reject the defendant's suggestion that additional formalities are needed where, as here, the petition and order incorporated by reference document no. 10705, a previously recorded and registered instrument.

2. *Claim of error in certificate.* We turn next to the defendant's argument that the petition and certificate were drafted in error. Under G. L. c. 185, § 114 (see note 2, *supra*), the defendant has the burden of proving that the United States or the scrivener made a mistake in drafting the 1970 petition. *St. George's Church* v. *Primitive Methodist Church,* 315 Mass. at 209. The defendant claims it has carried its burden, that it has shown the 1970 petition to be facially erroneous as it represented that parcel F was subject to a right of way when, in fact, that right of way had been extinguished. We disagree.

The ruling that the right of way had been extinguished by the Federal land taking does not show error or mistake in the government's 1970 petition. All that ruling determines is that the United States was not *required* to subject parcel F to an easement. As the judge pointed out in his decision:

> "The United States, as owner in fee simple of the locus had the right to encumber its land. It also had the right, pursuant to the federal taking, to request a transfer certificate of title that was unencumbered. . . . For reasons unknown to this Court, the United States chose the former route. It certainly may be that the government was unclear as to whether or not the original right of way had been extinguished pursuant to the eminent domain taking. It is equally conceivable that the government recited the right of way in its petition because it was in use and an assumption was made that it had not been extinguished in the 1940's. In either case the defendant has not produced a scintilla of evidence that the recitation of the right of way in the government's petition was the result of a mistake or scrivener's error."

Moreover, it would have been an additional burden to the United States not to include the right of way in its 1970 petition. Had it sought to eliminate the reference from the yet to be issued transfer certificate, the government would have had to notify Citgo, see G. L. c. 185, § 114 (see also G. L. c. 185, § 66), and incur the risk of litigation.[4]  In 1970, the defendant, as future purchaser, did not insist on receiving an unencumbered parcel. In such circumstances, the government could well have concluded that it was cheaper and more efficient to perpetuate the easement rather than to seek a certificate free of encumbrances. We need not, however, speculate further, as it is evident that the defendant has not carried its burden of showing mistake in the petition and court order.

Since the defendant has not shown error under G. L. c. 185, § 114, and since we hold that the registered court order of April 29, 1970, was effective to convey the right of way, the judgment is affirmed.

*So ordered.*

---

[4] The statement of agreed facts indicates that the Federal court record with respect to Citgo's rights left much to be desired in the way of clarity.